IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY VERNON KASHNER | : | CIVIL ACTION |
| v. | : | |
| SUP'T JOHN KERESTES, et al. | : | NO. 15-2858 |

**REPORT AND RECOMMENDATION**

THOMAS J. RUETER                                        October 27, 2015
United States Magistrate Judge

      Presently before the court is a pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated at the State Correctional Institution located in Frackville, Pennsylvania. For the reasons stated below, the court recommends that the petition be dismissed as barred by the one-year statute of limitations.

**I.      BACKGROUND**

      On January 27, 2011, in the Court of Common Pleas of Lancaster County, Pennsylvania, petitioner entered a negotiated open guilty plea of theft by unlawful taking, criminal attempt to commit theft from a motor vehicle, theft from a motor vehicle, burglary, theft by unlawful taking, and access device fraud. (CP-36-CR-3608-2008.) On that same day, petitioner was sentenced to an aggregate term of ten to twenty years incarceration. Petitioner did not file a direct appeal to the Superior Court of Pennsylvania.

      On January 16, 2013, petitioner filed two pro se motions in the Court of Common Pleas: a Motion to Reinstate Post-Sentence Rights Nunc Pro Tunc and a Motion for In Forma Pauperis. See State Court Docket (https://ujsportal.pacourts.us/, visited October 26, 2015). On January 25, 2013, the state court issued a order stating that the Motion to Reinstate Post-Sentence Rights will be considered a petition for post-conviction relief pursuant to Pennsylvania's Post

Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq.. (Resp. Ex. H.)  In his pro se petition, petitioner alleged that (1) his guilty plea was not knowing, voluntary, or intelligent; (2) appellate counsel was ineffective for failing to file a motion to modify sentence and a direct appeal; and (3) he was sentenced illegally to a mandatory minimum sentence pursuant to 42 Pa. Con. Stat. Ann. § 9714. Id. Ex. G.  The PCRA court appointed counsel.  On March 15, 2013, petitioner's appointed counsel filed a "no merit" letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. Ct. 1998) and sought leave to withdraw as counsel due to the frivolousness of petitioner's claims. (Resp. Ex. I.)  On April 19, 2013, after reviewing the PCRA record, the trial court dismissed the PCRA action without a hearing. Commonwealth v. Kashner, No. 3608-2008 (C.P. Lanc. Apr. 19, 2013).

On August 16, 2013, petitioner filed in the state court a document entitled "Petition for Writ of Habeas Corpus Ad Subjiciendum" seeking relief in the nature of a writ of habeas corpus. (Resp. Ex. L.)  On August 29, 2013, the state court dismissed the petition for a writ of habeas corpus ad subjiciendum, holding that the relief that petitioner sought was cognizable solely under the PCRA. Id. Ex. M (No. 13-8196 (C.P. Lanc.)).  Petitioner appealed to the Superior Court of Pennsylvania. Id. Exs. N, O (Trial Court Opinion dated Oct. 3, 2013).  On March 10, 2014, the Superior Court affirmed the dismissal of the petition for a writ of habeas corpus. Kashner v. Kerestes, No. 1631 MDA 2013 (Pa. Super. Ct. Mar. 10, 2014); Resp. Ex. R.  On October 6, 2014, the Pennsylvania Supreme Court denied petitioner's request for allowance of appeal. (No. 378 MAL 2014; Resp. Ex. W.)

On July 1, 2015, petitioner filed the instant petition for a writ of habeas corpus in this court (Doc. No. 3).  The petition was executed on June 26, 2015.  He raised one ground for

relief: "Petitioner is unlawfully confined." (Petition ¶ 12.)  In support of this claim, petitioner states as follows:  "Petitioner is serving a[n] aggregate sentence of 10-20 years imposed in Lancaster County on 1/27/11.  The Sentencing Orders exist, but omits [sic] the statute under Pennsylvania law that the judge received statutory authorization from to impose the sentence for the Pennsylvania Department of Corrections to detain him."  Id.  On September 29, 2015, the District Attorney for Lancaster County filed a response to the petition (Doc. No. 10) and argued that (1) the petitioner is barred by the applicable statute of limitations; (2) as to the one claim raised, the petitioner has not exhausted his state court remedies; and (3) the claim is meritless.

## II. DISCUSSION

### Timeliness of the Petition

A habeas petition must be filed in a timely manner.  Title 28 U.S.C. § 2244(d), enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), creates a one-year time limit for filing a habeas corpus petition and in relevant part provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

  The court sentenced petitioner on January 27, 2011.  For the purposes of Section 2244(d)(1)(A)[1], petitioner's conviction became final on February 28, 2011, when the time for seeking review in the Superior Court of Pennsylvania expired.  See Pa. R. App. P. 903 (notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken").  The AEDPA statute of limitations expired one year later on February 28, 2012.  The instant petition was executed on June 26, 2015, more than three years after the AEDPA statute of limitations expired.[2]  The instant petition must be dismissed unless the statute of limitations was subject to statutory or equitable tolling.[3]

---

[1] None of the alternate start dates allowed in § 2244(d)(1)(B)-(D) are applicable in the instant case.

[2] In accordance with the "mailbox rule," which applies to all habeas petitions filed by pro se inmates, the court has used the date the petition was executed, June 26, 2015, not the date the petition was filed, as the date for calculating the timeliness of the habeas petition.  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court") (quotation omitted).

[3] Prior to the filing of the instant petition in the Eastern District of Pennsylvania, petitioner filed a habeas petition in the Middle District of Pennsylvania on May 12, 2015 (No. 15-CV-930 (M.D. Pa.)).  This document does not contain a date of execution.  This matter was transferred from the Middle District to the Eastern District of Pennsylvania on May 18, 2015 (Doc. No. 1).  This habeas petition also was filed well after the expiration of the AEDPA statute of limitations and does not render the instant habeas petition timely.

1. **Statutory Tolling**

The one-year statute of limitations is tolled during the time petitioner had pending in the state courts a properly filed petition for collateral relief.  See 28 U.S.C. § 2244(d)(2) (providing that the time during which a "properly filed" petition for collateral relief is pending is not counted toward the one-year statute of limitations).  Petitioner filed a PCRA petition in the state court on January 16, 2013.  This petition was filed after the AEDPA statute of limitations expired; thus, it cannot toll the limitations period.  It is well established that a petition for collateral relief filed after the AEDPA statute of limitations has expired cannot toll the already expired statute of limitations.  Leafey v. Kerestes, 2014 WL 5823067, at *5 (E.D. Pa. Nov. 7, 2014) (citing cases).

Petitioner contends that the instant habeas petition is timely because it was filed within one year of October 6, 2014, the date on which the Supreme Court of Pennsylvania denied the request for review regarding his petition for a writ of habeas corpus ad subjiciendum filed in state court.  (Petition ¶ 18.)  Petitioner filed the petition for a writ of habeas corpus ad subjiciendum in state court on August 16, 2013; this date also is well beyond the expiration of the AEDPA statute of limitations.  Thus, statutory tolling does not apply.

2. **Equitable Tolling**

Although petitioner has not claimed that the AEDPA statute of limitations should be equitably tolled in his habeas case, the court will consider whether the principles of equitable tolling apply in this case because petitioner is proceeding pro se.  The Supreme Court of the United States has held that the federal habeas statute of limitations is subject to equitable tolling.  Holland v. Florida, 560 U.S. 631, 647-49 (2010).  Equitable tolling is allowed only if petitioner

shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is 'reasonable diligence.'" Id. at 653. The Supreme Court reaffirmed that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied." Id. at 652.

After examining petitioner's submissions carefully, the court finds that petitioner has not shown that the statute of limitations should be equitably tolled. See generally Pace, 544 U.S. at 418 (petitioner bears burden of proving entitlement to equitable tolling); Ross v. Varano, 712 F.3d 784, 798 (3d Cir. 2013) (same). Petitioner failed to show that he exercised reasonable diligence in pursuing his federal habeas claims. Petitioner offers no explanation for the extremely late filing of the instant habeas petition. Petitioner had until February 28, 2012 to file a timely habeas petition in federal court. Instead, he waited more than three years after his conviction became final before he filed his habeas petition in this court. See Pace, 544 U.S. at 419 (petitioner's delay of five months was a "lack of diligence" that precludes equitable tolling). Nor has petitioner shown that extraordinary circumstances prevented him from filing a timely federal habeas petition.

Courts in the Third Circuit addressing habeas petitions have concluded that equitable tolling may be found when: (1) the state has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in a wrong forum. Urcinoli v. Cathel, 546 F.3d 269, 272 (3d Cir. 2008); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). The Third Circuit emphasized that equitable tolling should be applied sparingly. See LaCava v. Kyler, 398 F.3d

271, 275 (3d Cir. 2005); Schlueter v. Varner, 384 F.3d 69, 75-76 (3d Cir. 2004), cert. denied, 544 U.S. 1037 (2005).  Petitioner has not alleged that the Commonwealth of Pennsylvania misled him regarding the required date to file his federal habeas corpus petition.  As noted above, petitioner has not alleged nor proven that he has "in some extraordinary way" been prevented from asserting his rights.  This also is not a case where petitioner timely asserted his rights in the wrong forum.

### III.     CONCLUSION

Accordingly, the court makes the following:

### R E C O M M E N D A T I O N

**AND NOW**, this 27th day of October, 2015, the court respectfully recommends that the petition for a writ of habeas corpus be **DISMISSED** as time-barred by the statute of limitations, and that no certificate of appealability ("COA") be granted.[4]

The parties may file objections to the Report and Recommendation.  See Loc. R. Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge

---

[4] The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further.  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY VERNON KASHNER | : | CIVIL ACTION |
| v. | : | |
| SUP'T JOHN KERESTES, et al. | : | NO. 15-2858 |

## ORDER

**AND NOW**, this ____ day of _____, 2015, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of Thomas J. Rueter, United States Magistrate Judge, it is hereby

**ORDERED**

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The petition for a writ of habeas corpus is **DISMISSED**; and

3. A certificate of appealability is <u>not</u> granted.

BY THE COURT:

_____
WENDY BEETLESTONE,         J.